Hyman, O. J.
In the years 1862 and 1863, Silas Tolbert sold for Confederate States obligations 490 bales of cotton to Hugh O’Donnell. .By the contract of sale O’Donnell risked the loss of the cotton.
*38 Tolbert delivered to O’Donnell 350 bales of cotton, and kept the remainder in his possession.
The treasury agent of the United States, hearing that O’Donnell had cotton on Tolbert’s plantation, in the parish of Rapides, seized the cotton thereon, with the intention of having it confiscated as the property of O’Donnell, took by the aid of military force from Tolbert 74 bales thereof, and shipped the same to New Orleans, consigned to J. W. Burbridge & Co.
After this cotton thus seized and shipped was brought to New Orleans, both Tolbert and O’Donnell attempted to get control of it.
On the 24th of March, 1866, J. W. Burbridge & Co. were, by order of the treasury agent at New Orleans, required to release it to O’Donnell, on his paying the cost of insurance, $808, and other charges, and on the 26th of the same month the order was revoked.
On the 20th of April, 1866, an order was issued by the treasury agent, requiring J. "W. Burbridge & Co. to deliver the cotton to Tolbert.
They refused to obey this order, and Tolbert was put in possession of it by military force, under order of Maj. Gen. Canby.
Tolbert, after getting possession, permitted it to remain at the cotton press, where it had been deposited by J. W. Burbridge & Co., under order of the agents of government, and while it was thus in the press, O’Donnell brought against J. W. Burbridge & Co. this suit, to get possession of it, and caused it to be sequestered, as if in their possession.
J. W. Burbridge & Co. filed their answer, and alleged therein that the cotton was claimed by Tolbert, and prayed that he be made a party defendant in the suit.
Tolbert, in answer, asked that it be restored to him, etc.
Tolbert, after filing answer, had a rule served on O’Donnell, to show why he should not be authorized by the Court to bond the cotton, and thereafter filed a peremptory exception to the right of O’Donnell to bring this suit, as it was an attempt to enforce a contract, the consideration of which was Confederate money. The rule and exception were tried tor gether, and the District Court ordered the rule to be discharged, and the exception to be dismissed. Therefrom Tolbert has taken this appeal.
The cotton in dispute was not delivered by Tolbert to O’Donnell. There is no proof that O’Donnel ever had possession of it. It is not even proved that he complied with the condition required in the order, stated above, on which he was to have control of it, and even if he had gotten in possession of it by unlawful use of force, such possession could not have availed him.
He should have gotten possession by lawful means, or by delivery from Tolbert.
The facts clearly show that the contracts between Tolbert and O’Donnell, for the sale of cotton to the extent of the cotton in controversy, were unexecuted by Tolbert.
This Court has frequently decided that such contracts could not be enforced by the Courts of this State, and this suit of plaintiff is an attempt by indirection to enforce in part such contracts.
There is a receipt of Tolbert’s introduced in evidence for purpose- of proving that he delivered to Blake for O’Donnell a part of this cotton,
*39 The receipt does not prove the fact for which it was adduced in evidence, and did it unequivocally declare such fact it could have little or no weight, as it would contradict the well-established facts, that Tolbert did not deliver the cotton in controversy to any one, but that it was taken from him by force.
The exception should have been sustained, and the suit and all the proceedings therein should have been dismissed.
Let the judgment of the District Court be annulled and reversed; let the sequestration be dissolved, and let the suit be dismissed at • plaintiff’s cost.